Marcus G. Christ, J.
Peter Pfleiderer, Jr., deceased, was a surveyor with a business at Roosevelt, New York. Following his death, his wife, as administratrix of his estate, sold the business to the defendant, Richard D. De Veaux. The price was $22,000 of which $7,000 was paid in cash and the balance was represented by a series of 20 notes each in the principal sum of $750 bearing interest at 6% with the first note becoming due January 15, 1954 and monthly thereafter until fully paid. The series of notes was secured by a chattel mortgage covering certain tangible assets of the business. A default occurred in respect to the note maturing July 15, 1954 and in December,
1954 the administratrix commenced this action to foreclose the chattel mortgage. The defendant appeared generally by his then attorney and negotiations for a settlement ensued during which the defendant’s time to interpose an answer was extended from time to time. On February 23, 1955 the attorneys for the respective parties entered into a stipulation to settle this action. This stipulation was set forth in a letter written by the defendant’s then attorney to the plaintiff’s attorney and accepted by the latter. After reciting that the arrears as of January 31,1955 on past-due notes were estimated to be approximately $5,000, the stipulation provided for payment of such arrears at the rate of $1,000 per month beginning February 14, 1955 and monthly thereafter until fully paid. The stipulation acknowledged receipt of a payment of $1,000 and further provided that as to notes not yet matured, that is, the note maturing in February, 1955 and those succeeding it, they would be paid off at the rate of $100 per week commencing February 25, 1955. Provision was also made in this stipulation for extending *254 the defendant’s time to serve and file an answer until June 1, 1955 with a further agreement that such time for answering would be further extended thereafter as long as the defendant made the payments required under the stipulation. In the event of a default continuing for more than seven days, the plaintiff’s attorney was to give the defendant’s attorney notice in writing whereupon the defendant was given 30 days after receipt of such notice within which to serve and file an answer. The stipulation concluded with a paragraph providing, in substance, that the settlement was made without prejudice to any defenses or counterclaims which the defendant might have and a statement that the stipulation was not to be construed as a waiver thereof nor an admission that the amount claimed in the plaintiff’s complaint was correct.
Except for the initial payment of $1,000 plus one payment of $100 the defendant failed to make the payments called for by the foregoing stipulation. Under date of March 28, the plaintiff’s attorney gave the required notice in writing to start running the 30 days within which the defendant might interpose an answer to the complaint. No answer was interposed within that period of time or since.
Negotiations then took place which eventually resulted in a new agreement for settling the litigation. The new arrangement was set forth on a letterhead of plaintiff’s attorney and is dated July 29, 1955. In this instrument signed by the plaintiff’s attorney and by the defendant in person, several matters are covered. Plaintiff’s attorney acknowledged receipt of $5,000 representing a payment on account of the settlement of moneys due the Pfleiderer estate from the defendant for all claims. This instrument further states that in addition to the $5,000 there is due the estate an additional sum of $1,000 payable within 30 days. It was stipulated that upon default in payment of the additional $1,000 written notice thereof was to be given to the defendant and to one M. F. Jaffa and the latter was to have 10 days within which to cure the default in payment. If the default was not cured by either the defendant or Jaffa, the stipulation provided that the plaintiff’s attorney was to have the right “ to proceed to take judgment on account of this matter, having credited Bichard D. DeVeaux for the payment of $5,000. herein paid”. This instrument also provided, in substance, that when the full $6,000 was paid the Pfleiderer estate would deliver to Jaffa or his designees, an assignment of the chattel mortgage and notes together with an assignment of an action pending in the Supreme Court, Nassau County, brought *255 against the defendant by the estate. Pursuant to this second stipulation $5,000 was paid but the remaining $1,000 was not.
The plaintiff administratrix now moves for judgment of foreclosure in this action and seeks to have her claim established for the full amount of the original indebtedness, less the payments made on account. The amount sought by the plaintiff is computed by taking the balance due as pleaded in the complaint of $10,375 less payments on account aggregating $6,100 leaving a balance of $4,275 for which the plaintiff seeks a judgment together with interest on $15,000 at 6% since December 15, 1953.
The defendant opposes the motion for judgment claiming that the July 29 agreement reduced the amount due to $6,000 of which $5,000 has been paid leaving only $1,000 yet to be paid. By way of cross motion the defendant seeks to have the chattel mortgage cancelled or, in the alternative, plaintiff’s copy returned to the defendant together with the promissory notes executed by the defendant to the plaintiff and a dismissal of the complaint.
An analysis of the events which have taken place since the commencement of this action shows that there have been two executory accords between the parties to this litigation. The first was embodied in a stipulation dated February 23, 1955 and when that was not carried through it was followed by a second accord embodied in the agreement dated July 29, 1955. The first accord can be disregarded since neither party places any reliance upon it at this time. The heart of the controversy is whether the plaintiff is limited to a recovery of the balance due under the second accord of July 29, 1955 or whether she has a right to revert to her claim as originally set forth in her complaint in this action.
In the court’s opinion this matter is controlled by section 33-a of the Personal Property Law which defines an executory accord and prescribes the remedies available in case of nonperformance. Subdivision 3 of that section provides that if an executory accord is not performed according to its terms by one party, the other is entitled either to assert his rights under the cause of action which is the subject of the accord or assert his rights under the accord itself. In this case, the agreement dated July 29, 1955 satisfies the definition of an executory accord as given in subdivision 1 of section 33-a of the Personal Property Law. It is undisputed that the defendant has not performed his part of that agreement because he defaulted in paying the $1,000 due thereunder. This gave rise to an election on the part of the plaintiff. She had a choice either to go for *256 ward with the assertion of her rights under the cause of action to foreclose the chattel mortgage which was the subject matter of the executory accord as to assert her rights under the July 29 agreement itself. By making the motion for judgment of foreclosure it appears that the plaintiff has elected to proceed with the foreclosure action. However, the plaintiff assumes an inconsistent position with respect to her election. She desires to proceed with the foreclosure but at the same time wants to have the benefit of a default in pleading on the part of the defendant so that she may obtain judgment by default for the balance due on her original claim as stated in the complaint. In the light of all that has transpired by way of negotiation and attempted settlement of this action it would be manifestly unfair to permit that to be done. If the plaintiff has elected to proceed on the original cause of action, then the case should assume a posture in which plaintiff’s claim may be fully litigated. This involves an opportunity to the defendant to interpose an answer, raising whatever matters of defense or counterclaim he may be advised are available to him. The plaintiff argues that under the language of the July 29 agreement she is entitled to a judgment for the balance due on the original claim. The language of the July 29 agreement is ambiguous with respect to what happens in the event of a default. The precise language used in “ the undersigned shall be permitted to take judgment on account of this matter, having credited Richard D. DeVeaux for the payment of $5000. herein paid”. This language is in a document drafted by the plaintiff’s attorney and in such circumstances the benefit of any doubt should enure to the defendant’s benefit. The language can as easily be interpreted that upon the occurrence of a default, judgment may be taken for $1,000 as it can to mean that judgment can be taken for the balance due on the original claim. It is unnecessary, however, to resolve this ambiguity because the plaintiff has elected to abandon the executory accord and revert to the original claim set forth in the complaint in this action. Plaintiff cannot at one and the same time have the advantage of the defendant being in default in pleading (an advantage arising because of the executory accord) and the additional advantage of being able to recover on the basis of the original indebtedness claimed in the complaint. Having elected to disregard the executory accord it must be disregarded for all purposes including the matter of defendant’s pleading.
The court accordingly denies the plaintiff’s motion for judgment and likewise denies defendant’s cross motion but grants leave to the defendant to interpose an answer, if so advised. *257 within 20 days after service of a copy of the order hereon with notice of entry. In the event no such answer is interposed the plaintiff may apply for judgment in the usual manner upon defendant’s default in pleading.
Settle order on notice.