PLANT CITY STEEL CORPORATION, Respondent, v. NATIONAL MACHINERY EXCHANGE, INC., Appellant.

First Department, November 16, 1967.

*Michael Permut* of counsel (*Morris Permut* and *Abraham Karp* with him on the brief; *Morris Permut,* attorney), for appellant.

*Richard I. Wolff* of counsel (*Clarence Fried* with him on the brief; *Hawkins, Delafield & Wood,* attorneys), for respondent.

*Per Curiam.* This action was originally instituted on the theory of a rescission for breach of warranty of the purchase of a horizontal angle bending roll machine, and the complaint demanded a recovery back of the purchase price and a recovery of plaintiff's expenses. Although the parties agreed in writing to settle the action with a return of the machine to defendant, the action was not discontinued. The defendant refused to accept the returned machine, claiming that it had been damaged.

The parties concede that the settlement agreement constituted an executory accord and that, upon a default by the defendant in the performance of the terms thereof, the plaintiff was entitled to either continue with the prosecution of its original claim or assert a cause of action for breach of the settlement agreement. (See General Obligations Law, § 15–501.) As a matter of substantive law, plaintiff was required to make an election with respect to the two causes of action and, generally, the alternatives are not to be presented in a pleading. (*Elliott* v. *Prockter Prods.,* 282 App. Div. 761, app. dsmd. 306 N. Y. 629.) It is the rule, however, under the CPLR, that inconsistent and hypothetical causes of action may be pleaded subject to such rights as a defendant may have to object to an improper joinder or to move for severance. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3014.11, 3014.12; *Grant Co.* v. *Uneeda Doll Co.,* 19 A D 2d 361, affd. 15 N Y 2d 571.) Here, the defendant did not object to the pleading of the inconsistent causes.

The defendant did not oppose a motion by plaintiff for leave to serve a supplemental complaint setting forth the inconsistent causes, and, accepting the supplemental complaint, pleaded thereto on the merits. By its answer, defendant denied the material allegations of the complaint and set up the settlement as a basis of defenses and counterclaims, alleging breach of the settlement agreement by plaintiff.

Without objection by the defendant, the issues as presented by the pleadings, including the right of plaintiff to recover upon its original claim and the effect thereon of the settlement agreement, came on for trial before the court without a jury. Due to inadvertence, the plaintiff had failed to reply to defend-

ant's counterclaims but the Trial Judge ruled that he would try the matter on the merits. Although the matter of election between the inconsistent causes was discussed on the trial and particularly in connection with a motion to dismiss at the close of plaintiff's evidence, the defendant, under the special circumstances here, must be deemed to have waived whatever right it may have had before the trial to compel the plaintiff to make an election between the alleged inconsistent causes.

In response to defendant's motion to dismiss at the close of plaintiff's case, the Trial Judge stated in effect that he must determine the question of who had breached the settlement agreement and asked counsel, "do I not have to hear the evidence on both sides to resolve the basic question?" Counsel for the defendant agreed. The trial proceeded, all issues between the parties were duly tried, and the plaintiff's right to recover upon the original claim was fully litigated upon the merits. The defendant at no time contended that it was surprised or unfairly deprived of an opportunity to produce relevant proofs with respect to said claim. The court reserved decision and plaintiff, in its brief on submission of the case, demanded the right to recover upon the original cause of action.

The trial court concluded that the defendant's defenses and counterclaims based upon the settlement agreement should be dismissed, finding in effect that the plaintiff had not breached the same. Judgment was awarded to plaintiff upon its original claim to recover back the purchase price and expenses. The decision of the trial court for the plaintiff is in accordance with the pleadings and is fully supported by the evidence. The judgment entered thereon should be affirmed, without costs and disbursements.

STEUER, J. (dissenting). I believe that the decisive issues were neither presented to the court nor decided, and hence a new trial is required.

The basic facts are these: Plaintiff bought a machine from defendant. Plaintiff claims that the machine was incapable of doing the work plaintiff bought it for and which defendant represented it could do. Plaintiff brought an action to rescind. An agreement of settlement was entered into. By its terms defendant agreed to deposit $13,000 in escrow to be paid to plaintiff on return of the machine in the same condition as when delivered to plaintiff. The deposit was made and plaintiff tendered the machine. Defendant claimed that the machine was not in the condition agreed upon and directed the escrowee

to withhold payment. It is not clear whether defendant rejected the machine or merely refused to take possession pending its being put in condition by plaintiff or determination of an allowance for the damage suffered by the machine.

Plaintiff thereupon instituted this suit. The supplemental complaint contains three causes of action. The first two duplicate the complaint in the original action and the third seeks recovery of the amount deposited in escrow and is based on the settlement agreement. Defendant pleaded the settlement agreement and counterclaims.

In the situation presented plaintiff's rights are clear. If defendant either breached or repudiated the settlement plaintiff had the option of proceeding on the original claim or to enforce the settlement (General Obligations Law, § 15–501). But he could not do both. And the practice is that when called upon to elect, he must do so (*Elliott* v. *Prockter Prods.*, 282 App. Div. 758). Here plaintiff persistently claimed the right to proceed on both claims, though not claiming he could recover on both. Obviously this is not a situation where a plaintiff seeks recovery on different theories of liability, such as nuisance and negligence or fraud and breach of warranty. Here he is seeking entirely different forms of relief dependent on different proofs and with different consequences. An election at the earliest possible moment is essential to the orderly presentation of both claim and defense.

If the defendant neither breached nor repudiated the settlement, plaintiff may not proceed on the original claim but is relegated to his rights under the settlement (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435). Obviously plaintiff, assuming that he was the one in default under the settlement agreement, could not at his pleasure elect to ignore it and thereby profit from his wrong (*Pfleiderer* v. *De Veaux*, 3 Misc 2d 252 [CHRIST, J.]). It therefore became important to determine under defendant's pleading whether or not defendant did in fact either breach or repudiate the agreement. That issue was never decided and in fact was never presented due to defendant's insistence that the failure to reply admitted the facts pleaded in the counterclaim. The contention was unsound. The alleged counterclaim was in fact an affirmative defense, but the contention served to obscure the issues.

It may well be that the result arrived at represents substantial justice, as it certainly represents a conscientious effort by the court to reach a proper conclusion on issues ill conceived by the parties. However, a clean and orderly disposition that

does not offend against professional standards requires a new trial.

STEVENS, J. P., EAGER, TILZER and McNALLY, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion.

Judgment affirmed, without costs or disbursements.